## L. F. Brown

*v.*

### State of Illinois.

*Opinion filed September 20, 1920.*

FEES AND SALARIES—*resignation. When employee entitled to salary.* Where an employee of the State resigns his position he is entitled to compensation for services rendered at the time his resignation becomes effective.

RES ADJUDICATA—*when a bar.* A former decision to be a bar must decide the case upon its merits and not upon a technicality.

Edward J. Brundage, Attorney General, for State.

This is a claim filed for Dr. L. F. Brown of Galesburg, Illinois, for services rendered as a member of the Board of Livestock Commissioners. The testimony stands on the record undisputed, it appearing by the same that Dr. Brown was appointed in due course and entered upon the performance of his duties under a compensation prescribed by the Statute of ten dollars ($10.00) per day for every day necessarily employed in the service of the State. The evidence shows further that Dr. Brown resigned when his resignation was requested; that his resignation took place the latter part of May, 1917; that his salary for the months of February, March, April and May, 1917, were not paid; that he worked twenty-four days in the month of February, 1917; twenty-seven days in the month of March, 1917; twenty-five days in the month of April, 1917, and twenty-seven days in the month of May, 1917, making a total of one hundred and three (103) days. The only defense offered by the State was to call the Court's attention to the case of the *People v. ex rel, L. F. Brown v. Frank Lowden, et al,* 285 Ill. 618. It is the opinion of this Court that a a rule of the doctrine *res adjudicata* that any former decision to be a bar must be upon the merits of the case. In the case of the *People v. Lowden,* cited the Supreme Court considered a mandamus suit directed against the Governor, the Auditor of Public Accounts, and the State Treasurer. The decision in that case was based entirely upon a technicality which of course was properly invoked in the action and in the Courts where it was determined. However, it is the opinion of this Court that the Court of Claims was established largely for the purpose of doing substantial justice and equity in all cases coming within its jurisdiction, and as there is no dispute as to the services rendered, the Court must conclude that the duties were properly performed by Dr. Brown and that he was competent and faithful, consequently as a laborer he was worthy of his hire. Therefore it is ordered that an award be entered in favor of the claimant herein for the sum of one thousand thirty ($1.030.00) dollars.